Case 4:23-cv-00328   Document 9   Filed on 05/23/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY CORDELL WILLIAMS, <br> TDCJ #00585666, <br> Plaintiff, | § <br> § <br> § <br> § | |
| VS. | § <br> § | CIVIL ACTION NO. H-23-00328 |
| BRIAN COLLIER, *et al.*, <br> Defendants. | § <br> § <br> § | |

## ORDER OF DISMISSAL

The plaintiff, Anthony Cordell Williams (TDCJ #00585666), is a state inmate in custody of the Texas Department of Criminal Justice (TDCJ) at the Powledge Unit in Palestine, Texas. Williams originally filed this civil rights lawsuit under 42 U.S.C. § 1983 in the Eastern District of Texas, Tyler Division, where he is confined. That court severed the case into two cases, transferring the claims regarding unconstitutional confinement against TDCJ Executive Director Bryan Collier, Texas Board of Pardons and Paroles Chairman David Gutierrez, and Director of the TDCJ Parole Division Pamela Thielke to this Court, and transferring his claim for excessive force to another district where that use of force allegedly occurred. *See* Doc. No. 4.

Because he is an inmate, the Court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

In this case, Williams alleges that Collier, Gutierrez, and Thielke have incarcerated him unconstitutionally because the proper standard of proof was not applied to his 1991 conviction. *See* Doc. No. 1 at 4-8. He seeks $250 million against Collier, $250 million against the members of the Texas Board of Pardons and Paroles and Chairman Gutierrez, $250 million against Thielke, and $500 million against the Texas Court of Criminal Appeals Chief Justice and majority members of that court. *Id.* at 8-9.[1]

Regarding his claim for unconstitutional incarceration, court records reflect that, five years ago, Williams brought *this same claim* that the "reasonable doubt" standard in *In re Winship* was not properly applied in his criminal case. *See Williams v. Paxton*, Civ. A. No. H-18-267 (S.D. Tex. Jul. 27, 2018). The *Paxton* court held that Williams's claim is barred by the statute of limitations. *See id.*, Doc. No. 40 at 2. Williams's instant claim, now five years older, is also barred by limitations.

In addition, because this case is duplicative of another case Williams previously filed, it is subject to dismissal as "malicious" for purposes of the PLRA. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam); *see also Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte*). Therefore, the

---

[1] He also seeks $20 million against defendants Scolfield, Medcalf, and Henderson for excessive force at the Buster Cole State Jail in Bonham, Texas, *see* Doc. No. 1 at 4, 9-17, but those claims have been transferred to another court and are not before this Court. *See* Doc. No. 4.

2 / 3

complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as both legally frivolous and malicious. Accordingly, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), as frivolous and malicious.

2. The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) is **GRANTED**, and the Texas Inmate Trust Fund shall deduct funds from the inmate trust fund account of Anthony Cordell Williams (TDCJ #00585666) and forward them to the Clerk on a regular basis, in installments in compliance with the provisions of 28 U.S.C. § 1915(b), until the filing fee for indigent litigants ($350.00) has been paid.

3. Williams's pending motions (Doc. Nos. 7 & 8), and any other pending motions, are **DENIED as MOOT**.

**This dismissal counts as a strike for the purposes of 28 U.S.C. § 1915(g).**

The Clerk will send a copy of this order to the parties and will also provide a copy of this order to (1) TDCJ Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, by email at ctfcourt.collections@tdcj.texas.gov., and (2) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, this 23rd day of May 2023.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE